· Peterson, Appellant, *v.* Elk Tanning Company.

*Negligence—Master and servant—Contributory negligence.*

In an action by an employée against his employer to recover damages for personal injuries, the question of the plaintiff's contributory negligence is for the jury where the evidence tends to show that the plaintiff was ordered to work in the near vicinity of moving machinery without a guard around it, and that he had not been warned of the danger or given any instructions as to the machinery. ·

Argued May 3, 1910. Appeal, No. 136, Jan. T., 1910, by plaintiff, from judgment of C. P. Elk Co., April T., 1909, No. 25, on verdict for defendant in case of Gust Peterson v. Elk Tanning Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HALL, P. J.

At the trial it appeared that the defendant was a carpenter employed in a tannery owned and operated by the defendant. The evidence tended to show that plaintiff had been directed to make some repairs near a running shaft on which was a collar with an extending set screw; that the machinery was in operation and without a guard around it; that the plaintiff had not been warned of the danger, or instructed as to his work, and was injured by coming in contact with the moving machinery while rescuing a fellow workman whose clothes had been caught in a shaft during the making of the repairs. It also appeared that he had asked whether the machinery was to

be stopped, and was told that if he did not want to work he could go home.  The court directed a verdict for defendant.

*Error assigned* was the giving of binding instructions for defendant.

*Fred H. Ely*, for appellant.

*Thomas H. Murray*, with him *C. H. McCauley*, for appellee.

OPINION BY MR. JUSTICE ELKIN, May 24, 1910:

This is an action of trespass for damages for injuries suffered by reason of the alleged negligence of the defendant company.  The learned trial judge directed a verdict for the defendant on the ground of the contributory negligence of the plaintiff.  In other words, that under the evidence the injured party was so clearly guilty of contributory negligence as to warrant the court in so holding as a matter of law.  We do not so read or understand the facts of the case as shown by the evidence produced at the trial.  If the testimony of the plaintiff and his witnesses is believed by a jury, it would at least be for them to say whether under the circumstances he was guilty of contributory negligence.  It may be that if the facts relating to the accident as proved by the witnesses produced by the defendant were undisputed the court upon such established facts might say as a matter of law that the plaintiff was guilty of contributory negligence.  The facts are not undisputed and in such cases it is the province of the jury to pass upon the credibility of witnesses for the purpose of determining what the real facts are.  We are all of opinion that the questions of negligence and of contributory negligence are for the jury and that no useful purpose can be served by a discussion of the several questions considered in the paper-books.

Judgment reversed and a venire facias de novo awarded.